WALTER H. NEAL and Another, as Receivers of THE FISHERIES PRODUCTS COMPANY, Appellants, *v.* THOMAS H. HAYES and Others, Individually and as Directors of THE FISHERIES PRODUCTS COMPANY, Respondents.

Second Department, December 3, 1926.

Receivers — capacity of foreign receivers to sue — prior jurisdiction by Federal court — action by receivers appointed in North Carolina — prior order of U. S. District Court for Eastern District of New York appointed Federal receivers and authorized them to commence action on cause presented here — Circuit Court of Appeals has decided that plaintiffs have no right to interfere — order dismissing complaint is affirmed.

The complaint, by receivers of a corporation appointed by the courts of North Carolina, against the directors of a corporation, must be dismissed, since it appears that the Federal District Court for the Eastern District of New York had, prior to the commencement of this action, taken possession of the assets of the corporation and appointed receivers and directed them to commence an action based upon the same cause that is presented in the present complaint, and since it further appears that the Federal District Court has determined that the present plaintiffs have no right to interfere, which determination has been affirmed by the Circuit Court of Appeals.

Any question as to the superiority of the rights of the plaintiffs as statutory receivers must be determined in the Federal District Court.

JAYCOX, J., dissents.

APPEAL by the plaintiffs, Walter H. Neal and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of April, 1926, granting defendants' motion to dismiss the complaint, upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, and on the further ground that on the complaint and moving affidavits the court had no jurisdiction of the action, and the plaintiffs had no legal capacity to sue.

*Charles L. Woody* [*L. I. Moore* and *Wilson B. Brice* with him on the brief], for the appellants.

*Edwin D. Hays* [*Harold P. Seligson* with him on the brief], for the respondents.

KELLY, P. J.   We have here an order made by a court of competent jurisdiction, the United States District Court in the Eastern District of New York, appointing receivers of a corporation, authorizing them to take and hold possession of the assets of a corporation, to institute all suits and actions necessary to recover that property, and an  order of that court expressly authorizing its receivers to institute an action against the defendants Hayes and Anderton on the cause of action set out in the complaint in this action.   We have the action of the District Court in New York affirmed by the Federal Circuit Court of Appeals (*See & Depew* v. *Fisheries Products Co.,* 9 F. [2d] 235), sustaining the rights of these New York receivers as against the North Carolina gentlemen who sought to oust them or to intervene, and against all these proceedings we have what appears to be an attempt on the part of these North Carolina receivers and their learned counsel to circumvent these orders made by the Federal courts in New York.

In my opinion, the courts of this State should not countenance such disorderly procedure.   If the North Carolina receivers, whether they are chancery receivers or statutory receivers, have any rights, constitutional or otherwise, superior to the rights of the receivers appointed by the Federal court in New York, they should present these questions to the Federal District Court in New York which first assumed and has continued to exercise jurisdiction over the corporation.   It would appear that the superior rights of the receivers appointed by the Federal court in the Eastern District of New York have been determined not only in the Supreme Court of this State (*Neal* v. *Hayes,* N. Y. L. J. Feb. 18, 1926, when the prior action of these plaintiffs was dismissed upon the ground that they had no capacity to sue), but also in the District Court of the United States, Eastern District of New York, when the priority of the right of the receivers appointed in that court over those asserted by the North Carolina receivers was decided, the decision being affirmed by the Circuit Court of Appeals in the Second Circuit (*See & Depew* v. *Fisheries Products Co., supra.*)   The Federal court in the Eastern District of New York had authorized its receiver to bring this identical action against the defendants, appellants, long before the appointment of the plaintiffs, receivers, by the State court in North Carolina.   The learned justice at Special Term refused to allow this court to become

involved in this unseemly clash of jurisdiction between the Federal court here and the Federal and State courts in North Carolina. Indeed, it would appear that there is grave doubt whether this action is not brought in direct defiance of the injunctive provisions in the order of the Federal court in the Eastern District of New York. The question of the alleged newly acquired and superior rights of the plaintiffs as alleged statutory receivers over their former rights said to be those of chancery receivers, should be determined in the Federal court in the Eastern District of New York if it has not been already determined, as asserted with much force by the defendants.

The order dismissing the complaint should be affirmed, with ten dollars costs and disbursements.

MANNING, YOUNG and KAPPER, JJ., concur; JAYCOX, J., dissents.

Order dismissing complaint affirmed, with ten dollars costs and disbursements.